# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

PATSY WIDAKUSWARA, *et al.*

           Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*

           Defendants-Appellants.

———————

MICHAEL ABRAMOWITZ, *et al.*

           Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*

           Defendants-Appellants.

———————

***WIDAKUSWARA* PLAINTIFFS-APPELLEES' MOTION TO STRIKE DEFENDANTS-APPELLANTS' EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY PENDING APPEAL**

———————

ANDREW G. CELLI, JR.
DEBRA GREENBERGER
DANIEL M. EISENBERG
NICK BOURLAND
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

*(Additional counsel listed on signature block)*

The *Widakuswara v. Lake* Plaintiffs-Appellees ("Plaintiffs") move this Court to strike Defendants-Appellants' ("Defendants") motion for an emergency stay pending appeal filed earlier today, April 25, 2025, without prejudice to Defendants' ability to file a new motion.

Defendants filed the instant motion 13 minutes before the district court issued its order denying the Defendants' similar motion for a stay pending appeal. Because the district court's order addresses the substance of Defendants' arguments and demonstrates the misguided nature of Defendants' attacks on the injunction—and because Defendants' motion was in blatant violation of Rule 8, as Plaintiffs informed Defendants before the motion was improperly filed, precisely to avoid the instant problem created by Defendants' motion—Defendants should be required to file a new motion that takes into account that order. Plaintiffs have asked counsel for the Government whether they intend to withdraw their motion in light of the district court's order. Defendants do not intend to withdraw their motion.

A party seeking a stay "must" first file a motion in the district court unless it can show that doing so "would be impracticable." Fed. R. App. Proc. 8(a)(2)(A). "This is the cardinal principle of stay applications." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002); *see, e.g., Powder River Basin Res. Council v. U.S. Dep't of Interior*, No. 24-5268, 2025 WL 312649, at *1 (D.C.

1

Cir. Jan. 24, 2025); *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). That's because the district court is in the best position to decide in the first instance whether a stay is warranted and whether the circumstances warrant exercising discretion to grant such extraordinary relief. *See Nken v. Holder*, 556 U.S. 418, 433 (2009); *see also Aberdeen & Rockfish R.R. v. Students Challenging Regul. Agency Proc.*, 409 U.S. 1207, 1218 (1972) (stay decisions are reviewed for abuse of discretion). The reason for the rule is particularly obvious here, where the Defendants' motion relies on mischaracterizations of the bases for and scope of the injunction. Had Defendants waited for the district court's order, they would have realized their error and either forgone their request for relief in this Court or updated their motion accordingly.

Defendants argue that the district court's order was overbroad in requiring the "return [of] USAGM employees and contractors to their status prior to the March 14, 2025, Executive Order 14238" because such an order (1) was not tethered to the legal violation, Mot. at 22, and (2) the order "strip[s] the Agency of authority to manage its workforce, run its day-to-day affairs, or make operational decisions to align the Agency with its new leadership." Mot. at 4, 24.

Had the defendants waited 13 minutes, as Rule 8 requires, they would have seen the district court's order pointing out that, by its plain terms, the injunction (1) was a vacatur of illegal agency action and therefore "tailored" to the violation at

issue, Stay Order at 5, and (2) "*does not prevent USAGM from executing personnel decision for reasons unrelated to the Executive Order.*" Id.

Defendants' jumping of the Rule 8 gun was particularly unreasonable given the timeline of the filings at issue. That timeline is as follows: The district court entered its preliminary injunction order at 2:48 p.m. on Tuesday, April 22. The government waited until 9:07 p.m. on Wednesday April 23 to notify Plaintiffs of its intention to move for a stay in the district court and did not file its motion with the district court until Thursday, April 24 at 8:25 p.m.—more than two business days after the district court's order. Despite filing their stay motion well after hours, Defendants notified that district court that they intended to file a stay motion with the D.C. Circuit "tomorrow"—i.e. Friday, April 25— "unless Defendants receive the full relief requested from this Court before then." Dkt. 102 at 4. In other words, Defendants gave the district court less than one business day to decide its stay motion, without an opportunity for Plaintiffs to respond.

Plaintiffs requested that Defendants permit them until Monday, April 28 to respond to the stay motion before the district court. Plaintiffs also offered to stipulate that Defendants could file a stay motion with the D.C. Circuit if the district court did not act on the motion within 24-hours of Plaintiffs' response, and reminded Defendants of their obligations under Rule 8. Defendants declined and plowed ahead. *See* Ex. A (email chain between counsel). Plaintiffs then moved—

3

before the filing of the instant motion—the district court for a similarly expedited briefing schedule, under which Plaintiffs would file their response to Defendants' motion by noon on Monday, April 28. Before the district court could act—either on the Plaintiffs' requested briefing schedule or Defendants' stay motion—Defendants filed the instant motion, notably without seeking the Plaintiffs' position.

Defendants' unwillingness to see the process through in the district court was unreasonable, because it was certainly not impracticable to wait for the district court—had they simply waited until close of business hours today, their stay motion (and this court) would have had the benefit of the district court's well-reasoned denial of their stay motion to that court. Moreover, Defendants cite May 2 as the first day they will be required to disburse money to any statutory grantee—the basis for their purported harm. *See* Dkt. 102-1 at 3-4 ¶ 8. Plaintiffs do not concede that paying Congressionally appropriated money to its intended recipient and for its intended use amounts to irreparable harm to the government. Plaintiffs also do not concede that doing so outweighs the significant irreparable harm to the plaintiffs that a stay would impose. But even assuming that it does, it would not have been impracticable to have provided Plaintiffs with just over one business day to respond to Defendants' motion and to have given the district court an opportunity to rule on that motion once it was ripe, which would have been even

more readily achieved had Defendants not waited more than 48 hours to seek their stay from the district court in the first place. And it certainly would not have been impracticable to wait 13 minutes for the district court's order.

Rule 8 precludes the instant motion. For that reason, it should be stricken.

| | |
|---|---|
| Dated: April 25, 2025 | Respectfully Submitted, |

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT | EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP |
| /s/<br>David Z. Seide<br>1612 K Street, NW<br>Washington, DC 20006<br>(202) 457-0034<br>davids@whistleblower.org | /s/<br>Andrew G. Celli, Jr.<br>Debra L. Greenberger<br>Daniel M. Eisenberg<br>Nick Bourland<br>One Rockefeller Plaza, 8th Floor<br>New York, New York 10020<br>(212) 763-5000<br>acelli@ecbawm.com<br>dgreenberger@ecbawm.com<br>deisenberg@ecbawm.com<br>nbourland@ecbawm.com |
| *Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4* | |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME) | *Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA* |
| /s/<br>Teague Paterson<br>Matthew Blumin<br>Georgina Yeomans<br>1625 L Street, N.W.<br>Washington, D.C. 20036<br>(202) 775-5900<br>TPaterson@afscme.org<br>MBlumin@afscme.org<br>GYeomans@afscme.org | |
| *Counsel for Plaintiff-Appellee American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)* | |

6

| AMERICAN FOREIGN SERVICE ASSOCIATION | DEMOCRACY FORWARD FOUNDATION |
|---|---|
| /s/ <br> Sharon Papp <br> Raeka Safai <br> 2101 E Street, N.W. <br> Washington, D.C. 20037 <br> (202) 338-4045 <br> papp@afsa.org <br> safai@afsa.org <br><br> *Counsel for Plaintiff-Appellee American Foreign Service Association (AFSA)* <br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO <br><br> /s/ <br> Rushab Sanghvi <br> 80 F. Street, NW <br> Washington, DC 20001 <br> (202) 639-6424 <br> SanghR@afge.org <br><br> *Counsel for Plaintiff-Appellee American Federation of Government Employees, AFL-CIO (AFGE).* | /s/ <br> Kristin Bateman <br> Robin F. Thurston <br> Skye L. Perryman <br> P.O. Box 34553 <br> Washington, DC 20043 <br> (202) 448-9090 <br> kbateman@democracyforward.org <br> rthurston@democracyforward.org <br> sperryman@democracyforward.org <br><br> *Counsel for Plaintiffs-Appellees American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA* |

| STATE DEMOCRACY DEFENDERS FUND | MEDIA FREEDOM & INFORMATION ACCESS CLINIC - YALE LAW SCHOOL[1] |
|---|---|
| _____/s/_____ <br> Norman L. Eisen <br> Joshua Kolb <br> 600 Pennsylvania Avenue SE #15180 <br> Washington, DC 20003 <br> Norman@statedemocracydefenders.org <br> Joshua@statedemocracydefenders.org <br><br> *Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)* | _____/s/_____ <br> David A. Schulz <br> 127 Wall Street <br> New Haven, CT 06520 <br> (212) 663-6162 <br> David.schulz@YLSClinics.org <br><br> *Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4* |

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,049 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

    /s/ *Daniel M. Eisenberg*
Daniel M. Eisenberg