# [ORAL ARGUMENT NOT SCHEDULED]

# No. 25-5144

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

─────────────

PATSY WIDAKUSWARA, *et al.*,

        Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

        Defendants-Appellants.

─────────────

# RESPONSE TO PLAINTIFFS-APPELLEES' MOTION TO STRIKE

─────────────

        YAAKOV M. ROTH
         *Acting Assistant Attorney General*

        ERIC D. MCARTHUR
         *Deputy Assistant Attorney General*

        MARK R. FREEMAN
        DANIEL TENNY
        ABIGAIL STOUT
        *Attorneys*
        *Civil Division, Room 7215*
        *U.S. Department of Justice*
        *950 Pennsylvania Avenue NW*
        *Washington, DC 20530*
        *(202) 514-1838*
        *daniel.tenny@usdoj.gov*

# DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

Plaintiffs seek to strike Defendants' emergency stay motion on the ground that the government violated Federal Rule of Appellate Procedure 8, which generally precludes filing a motion to stay in this Court before seeking that relief in the district court. But the government did seek a stay in the district court—twice—before filing in this Court. The rule does not require the government to wait for a district-court ruling before seeking relief in this Court, and the government did not do so here in an effort to ensure that this Court had adequate time to consider the government's motion. Plaintiffs thus provide no reason for this Court to deny the government's motion, much less to strike it. Plaintiffs are free to assert their arguments that the district court's recent denial of the stay motion supports their position on the merits in their opposition to the stay motion, but those arguments are in any event mistaken on their own terms. The motion to strike should be denied.

1. Federal Rule of Appellate Procedure 8 states that parties seeking a stay pending appeal "must ordinarily move first in the district court." Fed. R. App. P. 8(a)(1)(A). Here, the government's opposition to the preliminary

injunction stated that "[s]hould the Court decide to issue any preliminary relief, the Government respectfully requests that the Court stay its order for a short period to permit the Government an opportunity to consider whether to seek reconsideration or appellate review." *Widakuswara* Dkt. No. 88, at 45. After the district court entered its preliminary injunction order, the government renewed its request, filing a motion for stay pending appeal and indicating that it intended to file a stay motion in this Court if it did not receive relief by the following day. *Widakuswara* Dkt. No. 102. The government's stay motion in this Court, filed the next day, informed this Court that the government had sought "relief in district court, and will promptly inform the Court if the district court acts on that request." Emergency Mot. 2-3. Shortly after the government filed its motion, the district court denied the stay motion, and promptly transmitted that denial to this Court (*see* this Court's Doc. No. 2113044, docketed as notice from district court supplementing record with "order on motion for stay"), such that this Court promptly became aware of the district court's order.

2. There can thus be no serious question that the government complied with Rule 8. Plaintiffs appear to suggest that before asking for relief in this Court, the government must not only file its motion in district

court but wait for the district court to rule. That is not what the Rule says. It requires only that parties "ordinarily move first in the district court," Rule 8(a)(1)(A)—which the government did—and that if a motion was made in the district court, the motion in the court of appeals must state either that the district court "denied the motion" or that the court "failed to afford the relief requested." Rule 8(a)(2)(A)(ii). Here, the district court had "failed to afford the relief requested" before the government filed in this Court, as the government's filing in this Court made clear. *Id.*; *see also* D.C. Cir. Rule 8(a)(1) ("A motion for stay of a judgment or of an order of the district court or any other motion seeking emergency relief must state *whether* such relief was previously requested from the district court and the ruling on that request." (emphasis added)).

Plaintiffs' argument that a moving party must await a ruling from the district court before seeking a stay pending appeal is found nowhere in Rule 8—or any other rule—and is contradicted by normal appellate practice. When this Court acts on a stay pending appeal, it is exercising its authority under 28 U.S.C. § 1651, not engaging in appellate review of the district court's denial of a stay. *See Scripps-Howard Radio v. FCC*, 316 U.S. 4, 9-10 (1942).

The rule plaintiffs advocate would also be ill-advised. In circumstances like those presented here, where the district court's order threatens imminent irreparable harm in very short order, plaintiffs' preferred approach would prohibit litigants from affording this Court with as much time as possible to consider the request. While, as plaintiffs point out, the district court ruled on the government's (second) stay request relatively quickly in this case, the government had no way of knowing that the court would do so, and instead reasonably filed its request for emergency relief before the close of business on Friday rather than waiting to see whether a request that addressed any ruling by the district court could be filed after hours or over the weekend. That effort to present emergency requests to this Court promptly should be encouraged, not prohibited through an atextual extension of Rule 8.

3. Compounding the problems with plaintiffs' motion, it unduly complicates proceedings in this Court by presenting in a motion to strike arguments that should be presented in an opposition to the government's stay motion. That is why motions to strike are disfavored. *See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam) (because "[t]he points raised in

the motion might have been presented, concisely, in the reply brief," there was "no need to burden this court with a motion to strike"); *see also* Order, *National Treasury Employees Union v. Vought*, No. 25-5091 (D.C. Cir. Apr. 11, 2025) (denying motion to strike).

But plaintiffs' misplaced arguments in any event merely underscore the need for immediate relief. Although plaintiffs suggest that the government should have agreed to a more leisurely schedule, they focus that argument exclusively on the possibility that the government could have—barely—received a ruling from this Court before it was required to irrevocably disburse millions of dollars of funding from the U.S. Treasury. But the government also requests relief from the district court's micromanagement of the government's personnel decisions, which requires even faster relief. *See generally* Add. to Emergency Mot. 47-48. On that topic, plaintiffs provide no discussion of timing, and their merits discussion based on the district court's stay denial merely underscores the multiple errors in the district court's analysis. The district court stated that "a stay of the first portion of the PI"—regarding employment—"would stay the implementation of the third"—regarding Voice of America's operation—"because [Voice of America] cannot resume programming if all

5

staff remains on leave indefinitely." Order Denying Stay 2. The district court's failure to account for the possibility that the government could reinstate some, but not all, staff, or hire other staff or carry out its statutory mandate in other ways highlights the mismatch between the district court's merits rulings and the relief afforded. And the district court's suggestion that the Agency could first "retur[n] to pre-March 14 functioning, as required by the PI," and only then begin to "execut[e] personnel decisions for reasons unrelated to the Executive Order," *id.* at 5, highlights the administrative chaos that the preliminary injunction threatens to unleash as well as the district court's continuing refusal to allow the Agency to carry out the President's policy directives in a manner consistent with its organic statutes.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN

*s/ Daniel Tenny*
DANIEL TENNY
ABIGAIL STOUT
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

APRIL 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,200 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*s/ Daniel Tenny*
Daniel Tenny
