# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5150**                                                **September Term, 2024**

1:25-cv-00966-RCL

**Filed On:** May 9, 2025

Middle East Broadcasting Networks, Inc.,

      Appellee

    v.

United States of America, et al.,

      Appellants

**No. 25-5151**

1:25-cv-00907-RCL

Radio Free Asia,

      Appellee

    v.

United States of America, et al.,

      Appellants

**No. 25-5150**                        **September Term, 2024**

**No. 25-5158**

1:25-cv-00799-RCL

RFE/RL, Inc.,

       Appellee

   v.

Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of the United States Agency for Global Media, et al.,

       Appellants

## O R D E R

It is **ORDERED**, on the court's own motion, that the Clerk issue the attached statement of Circuit Judge Pillard, concurring in the en banc court's May 7, 2025 order entering an administrative stay.

                                          **FOR THE COURT:**
                                          Clifton B. Cislak, Clerk

                              BY:   /s/
                                     Selena R. Gancasz
                                     Deputy Clerk

PILLARD, *Circuit Judge*, concurring:

We all agree that an administrative stay can be useful and appropriate to preserve the *status quo* for a brief period while the court considers a pending request for emergency relief. And we all agree that a stay is meant to "freeze legal proceedings until the court can rule," not to predetermine the merits of the appeal. Diss. Op. (Rao, J.) at 1 (quoting *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring)). All also agree that the administrative stay here (as may often be the case) has a real-world consequence: It temporarily allows preliminary injunctions commanding immediate release of impounded funds to go back into effect.

It is also undisputedly true, though, that there are substantial interests—and asserted irreparable harms—in both directions. In response to requests for emergency relief, Judge Lamberth held hearings and found that Radio Free Asia, Middle East Broadcasting Networks, and Radio Free Europe / Radio Liberty would very soon be forced to shut down if the government continued to withhold their funding. *See Widakuswara v. Lake*, No. 25-1015, 2025 WL 1166400, at *16 (D.D.C. Apr. 22, 2025); *Radio Free Asia v. United States*, No. 25-907, 2025 WL 1291342, at *1 (D.D.C. Apr. 25, 2025); First Fleming Decl. ¶ 26; No. 25-907, ECF No. 12 Attach. 2; First Kline Decl. ¶ 39, No. 25-966, ECF No. 11 Attach. 3. As Radio Free Asia's Chief Operating Officer attested in its petition for action by the *en banc* court: "After May 9, RFA will exist in name only." Second Fleming Decl. ¶ 10, RFA/MBN Emergency Pet. Add. 89. The government does not challenge—and presents no ground for questioning—that attestation.

In short, while there is harm to the government from unblocking the district court's injunctions, there is also harm to the networks from blocking injunctive relief. The networks have no source of funding other than their monthly allotments.

The undisputed record evidence is that they cannot exist much longer without that funding. In that context, suspending all payments to the networks would not maintain the *status quo*.

How, then, to compare the competing assertions of irreparable harm in deciding whether to enter an administrative stay? As I have elsewhere explained, the government does not argue that, at the end of the day, it is entitled to keep the networks' funding. It insists only that the litigation must proceed in the Court of Claims. *See RFE/RL* Order Granting Stay Pending Appeal, No. 25-5158 (D.C. Cir. May 7, 2025), Dissent at 3 (Pillard, J.). The administrative stay has the consequence of requiring the government to distribute the networks' past-due funding to prevent their imminent collapse while we consider the government's jurisdictional argument. In my view, the merits of that question do not counsel against the administrative stay. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *10-14 (D.C. Cir. May 3, 2025) (Pillard, J., dissenting).

The *en banc* court's decision to pause for a brief time is not a rushed effort to choose one side or the other. Instead of jumping directly to resolving the petitioners' request to vacate the panel's emergency stay after very little time to examine the issue—in a context in which, per unchallenged affidavit evidence, one organization would exist in name only within three days of the petition's filing—the *en banc* court pushed pause to allow further consideration of litigation that has developed at breakneck speed. The *en banc* court's stay prevents the plaintiff networks from going under while the court engages in that consideration.