**[ORAL ARGUMENT NOT SCHEDULED]**

Nos. 25-5144, 25-5145, 25-5150, 25-5151

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

PATSY WIDAKUSWARA, *et al.*,

        Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

        Defendants-Appellants.

———————

**MOTION TO CONSOLIDATE**

———————

        YAAKOV M. ROTH
          *Acting Assistant Attorney General*

        ERIC D. MCARTHUR
          *Deputy Assistant Attorney General*

        MARK R. FREEMAN
        DANIEL TENNY
        ABIGAIL STOUT
         *Attorneys*
         *Civil Division, Room 7215*
         *U.S. Department of Justice*
         *950 Pennsylvania Avenue NW*
         *Washington, DC 20530*
         *(202) 514-1838*
         *daniel.tenny@usdoj.gov*

## MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Appellate Procedure 3(b), Defendants respectfully move to consolidate the *Widakuswara*, *Abramowitz*, *Radio Free Asia*, and *Middle East Broadcasting Networks* appeals, which involve related cases and have operated on largely identical briefing schedules so far. Counsel for Defendants conferred with counsel for Plaintiffs for each of these cases. Counsel for the *Widakuswara* Plaintiffs informed us that they "do not oppose consolidation as long as it does not slow down resolution of the appeal." Counsel for the *Abramowitz*, *Radio Free Asia*, and *Middle East Broadcasting Networks* cases did not articulate a position on the motion.

Since the district court entered the preliminary injunction order in *Widakuswara v. Lake*, No. 1:25-cv-1015-RCL, 2025 WL 1166400 (D.D.C. Apr. 22, 2025), the *Widakuswara*, *Abramowitz*, *Radio Free Asia*, and *Middle East Broadcasting Networks* appeals have traveled together. The district court adopted the reasoning from its *Widakuswara* preliminary injunction memorandum in its preliminary injunction order in *Abramowitz*. *Abramowitz v. Lake*, No. 1:25-CV-887-RCL, 2025 WL 1176796, at *1 (D.D.C. Apr. 22, 2025) (granting the preliminary injunction "[f]or the reasons contained in the Memorandum Opinion in the related case, *Widakuswara*,"

and "enter[ing] the instant Order so that this case may [be considered] alongside *Widakuswara* for the purposes of appellate review"). And the *Widakuswara* preliminary injunction order expressly provided relief to Radio Free Asia and Middle East Broadcasting Networks, even though they were not parties to the case. *Widakuswara*, 2025 WL 1166400 at *18 (ordering restoration of the "FY 2025 grants with . . . Radio Free Asia and Middle East Broadcasting Networks"). Accordingly, after appeals were filed in the *Widakuswara* and *Abramowitz* cases, the district court entered a preliminary injunction in the *Radio Free Asia* and *Middle East Broadcasting Networks* cases to allow Plaintiffs to enforce the *Widakuswara* injunction and participate on appeal. *See Radio Free Asia* Mot. at 1 (calling the *Radio Free Asia* and *Middle East Broadcasting Networks* appeals "follow-on[s]" to *Widakuswara* and *Abramowitz*, which had been filed the day before).

On appeal, the Government has largely briefed these cases in tandem, filing the same Emergency Motion for an Administrative Stay and Stay Pending Appeal in *Widakuswara* and *Abramowitz* and identical, follow-on motions in *Radio Free Asia* and *Middle East Broadcasting Networks* a day later. The Government then filed a consolidated reply brief in all of the cases. And the Court has largely treated the cases as rising and falling

2

together, addressing all four cases together in its stay order. *See, e.g.*, *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *1 (D.C. Cir. May 3, 2025) (granting a stay pending appeal in the *Widakuswara*, *Abramowitz*, *Radio Free Asia*, and *Middle East Broadcasting Networks* in one order).

Federal Rule of Appellate Procedure 3(b) permits appeals to be "joined or consolidated by the court of appeals" when the parties have filed separate timely notices of appeal. Consolidation is appropriate in this case to preserve judicial resources and promote judicial economy and greater efficiency and expedition for the parties. Because consolidation will merely continue the cadence that these four related cases have already been on, the Court should grant this motion to consolidate.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN

/s/ Daniel Tenny
DANIEL TENNY
ABIGAIL STOUT
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

MAY 2025

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit set out in the Court's order because it contains 518 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*/s/ Daniel Tenny*
Daniel Tenny
