[ORAL ARGUMENT NOT SCHEDULED]

Nos. 25-5144, 25-5145

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

PATSY WIDAKUSWARA, *et al.*
                        Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*
                        Defendants-Appellants.

_____

MICHAEL ABRAMOWITZ, *et al.*
                        Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*
                        Defendants-Appellants.

_____

On Appeal from the U.S. District Court for the District of Columbia

Nos. 25-cv-1015-RCL, 25-cv-887-RCL

Hon. Royce C. Lamberth, U.S. District Judge

_____

*WIDAKUSWARA* PLAINTIFFS-APPELLEES'
MOTION TO EXPEDITE APPEAL

_____

ANDREW G. CELLI, JR.
DEBRA GREENBERGER
DANIEL M. EISENBERG
NICK BOURLAND
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

TEAGUE PATERSON
MATTHEW BLUMIN
GEORGINA YEOMANS
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL EMPLOYEES,
AFL-CIO (AFSCME)
1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900

*(Additional counsel listed on signature block)*

Pursuant to Federal Rule of Appellate Procedure 27, Plaintiffs-Appellees in

*Widakuswara v. Lake*, Case No. 25-5144, respectfully move to expedite this appeal

pursuant to the schedule proposed below. In support of this motion, Plaintiffs-

Appellees state as follows:

On April 22, 2025, the district court entered a three-part preliminary

injunction, requiring Defendants-Appellants to:

1) take all necessary steps to return USAGM employees and contractors to
their status prior to the March 14, 2025 Executive Order 14238, "Continuing
the Reduction of the Federal Bureaucracy," including by restoring all
USAGM employees and personal service contractors, who were placed on
leave or terminated, to their status prior to March 14, 2025;

2) restore the FY 2025 grants with USAGM Networks Radio Free Asia and
Middle East Broadcasting Networks such that international USAGM outlets
can 'provide news which is consistently reliable and authoritative, accurate,
objective, and comprehensive,' 22 U.S.C. § 6202(a), (b), and , to that end,
provide monthly status reports on the first day of each month apprising the
Court of the status of the defendants' compliance with this Order, including
documentation sufficient to show the disbursement to RFA and MBN of the
funds Congress appropriated; and

3) restore VOA programming such that USAGM fulfills its statutory mandate
that VOA 'serve as a consistently reliable and authoritative source of news,'
22 U.S.C. § 6202(c).

Add. 1-2 to Defendants-Appellants' Emergency Motion for an Administrative Stay

and Partial Stay Pending Appeal.

On April 25, Defendants-Appellants filed their notice of appeal and moved

this Court to stay parts (1) and (2) of the district court's preliminary injunction

pending appeal. This Court granted that motion on May 3. The en banc Court then

1

administratively stayed the stay of part (2) of the preliminary injunction on May 7.

That administrative stay remains in place. Then, on May 22, the en banc Court

declined to rehear the stay of part (1) of the preliminary injunction. Part (1) of

Plaintiffs-Appellees' preliminary injunction thus remains stayed pending this

Court's resolution of the merits of Defendants-Appellants' appeal.

Expedition is required to "minimize possible harm to the parties or the

public" as a result of the Court's stay of part (1) of the preliminary injunction. *See*

D.C. Circuit Handbook of Practice and Internal Operating Procedures § VIII.B

(Dec. 12, 2204). After part (1) of the preliminary injunction was stayed,

Defendants-Appellants terminated nearly 600 contractors at USAGM on May 15.

Moreover, on March 25, immediately before a temporary restraining order was

entered in this case, Defendants-Appellants officially notified the labor union

plaintiffs in this case that Defendants-Appellants planned to imminently terminate

nearly 600 full-time employees of USAGM, and that they would do so by issuing

reduction-in-force notices to individual employees with only 60 days' notice

before those terminations become effective. If Defendants-Appellants proceed with

their proposed reduction-in-force—which there is every indication that they will,

since they have never withdrawn the notice they provided to the unions—those

terminations could be effective before this Court resolves the appeal.

It is in Defendants-Appellants' interest to expedite consideration of the appeal as well. After part (2) of the preliminary injunction was administratively reinstated by this Court sitting en banc, Defendants-Appellants paid millions of dollars in grant money in compliance with that provision—and they will continue to be obligated to do so on a monthly basis so long as that provision remains unstayed. It is therefore in the parties' collective interest that this appeal be resolved expeditiously.

For these reasons, Plaintiffs-Appellees respectfully request that this Court set the following briefing schedule to resolve this appeal before the end of July. Defendants-Appellants' opening brief would be due June 18; Plaintiffs-Appellees would respond by July 3; and any reply would be due July 10. Counsel would request and be available for a hearing thereafter in July.

Defendants-Appellants do not oppose expediting the appeal, but oppose the specific schedule Plaintiffs-Appellees propose, as well as Plaintiffs-Appellees' request that this Court resolve the case in July. Defendants-Appellants did not accept Plaintiffs-Appellees' offer to stipulate to Defendants-Appellants' preferred schedule in exchange for Defendants-Appellants' promise to not finally effectuate reductions in force pending the resolution of the appeal on the merits.

Dated:          May 27, 2025                Respectfully Submitted,

GOVERNMENT                              EMERY CELLI BRINCKERHOFF
ACCOUNTABILITY PROJECT                  ABADY WARD & MAAZEL LLP

_____/s/_____                   _____/s/_____
David Z. Seide                          Andrew G. Celli, Jr.
1612 K Street, NW                       Debra L. Greenberger
Washington, DC 20006                    Daniel M. Eisenberg
(202) 457-0034                          Nick Bourland
davids@whistleblower.org                One Rockefeller Plaza, 8th Floor
                                        New York, New York 10020
*Counsel for Plaintiffs-Appellees Patsy*   (212) 763-5000
*Widakuswara, Jessica Jerreat,*            acelli@ecbawm.com
*Kathryn Neeper, John Doe 1, John*         dgreenberger@ecbawm.com
*Doe 2, John Doe 3, and John Doe 4*        deisenberg@ecbawm.com
                                        nbourland@ecbawm.com
AMERICAN FEDERATION OF
STATE, COUNTY, AND                      *Counsel for Plaintiffs-Appellees Patsy*
MUNICIPAL EMPLOYEES, AFL-               *Widakuswara, Jessica Jerreat,*
CIO (AFSCME)                            *Kathryn Neeper, John Doe 1, John*
                                        *Doe 2, John Doe 3, John Doe 4,*
_____/s/_____                   *American Federation of State, County*
Teague Paterson                         *and Municipal Employees*
Matthew Blumin                          *(AFSCME); American Federation of*
Georgina Yeomans                        *Government Employees (AFGE);*
1625 L Street, N.W.                      *American Foreign Service*
Washington, D.C. 20036                   *Association (AFSA); and the*
(202) 775-5900                           *NewsGuild-CWA*
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff-Appellee*
*American Federation of State,*
*County, and Municipal Employees,*
*AFL-CIO (AFSCME)*

4

AMERICAN FOREIGN SERVICE
ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai
2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff-Appellee*
*American Foreign Service*
*Association (AFSA)*

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
AFL-CIO

_____/s/_____
Rushab Sanghvi
80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff-Appellee*
*American Federation of Government*
*Employees, AFL-CIO (AFGE).*

DEMOCRACY FORWARD
FOUNDATION

_____/s/_____
Kristin Bateman
Robin F. Thurston
Skye L. Perryman
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs-Appellees*
*American Federation of State, County*
*and Municipal Employees*
*(AFSCME); American Federation of*
*Government Employees (AFGE);*
*American Foreign Service*
*Association (AFSA); and the*
*NewsGuild-CWA*

5

STATE DEMOCRACY
DEFENDERS FUND

_____/s/_____

Norman L. Eisen
Joshua Kolb
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@statedemocracydefenders.org
Joshua@statedemocracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

MEDIA FREEDOM &
INFORMATION ACCESS CLINIC -
YALE LAW SCHOOL[1]

_____/s/_____

David A. Schulz
127 Wall Street
New Haven, CT 06520
(212) 663-6162
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

## CERTIFICATE OF COMPLIANCE

This brief complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 687 words. This brief also complies with Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared using Times New Roman, a proportionally spaced typeface.

Dated: May 27, 2025                              *s/Daniel M. Eisenberg*
                                                 Daniel M. Eisenberg