# [ORAL ARGUMENT NOT SCHEDULED]

## No. 25-5144

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

PATSY WIDAKUSWARA, *et al.*,

        Plaintiffs-Appellees,

v.

KARI LAKE, *et al.*,

        Defendants-Appellants.

———————

## RESPONSE TO *WIDAKUSWARA* PLAINTIFFS-APPELLEES' MOTION TO EXPEDITE APPEAL

———————

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
DANIEL TENNY
ABIGAIL STOUT
  *Attorneys*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

# RESPONSE TO *WIDAKUSWARA* PLAINTIFFS-APPELLEES' MOTION TO EXPEDITE APPEAL

Plaintiffs in one of four appeals that the government proposes to consolidate move to expedite the government's appeal so that it can be fully briefed by July 10 and resolved by the end of July. The government does not oppose reasonable expedition of this appeal but respectfully suggests that plaintiffs' proposed schedule does not allow sufficient time for briefing, that conducting oral argument in July is not warranted, and that resolving the case in July is not practical.

1. This is one of a group of appeals from a set of preliminary injunctions relating to the U.S. Agency for Global Media. The injunction in this case (1) requires the Agency to return its employees and contractors to their status prior to March 14, 2025; (2) requires the restoration of fiscal year 2025 grants with Radio Free Asia and Middle East Broadcasting Networks; and (3) requires the Agency to restore Voice of America programming such that it fulfills its statutory mandate, *see* 22 U.S.C. § 6202(c). The government has moved to consolidate the four cases with overlapping injunctions and issues. *See Widakuswara v. Lake*, 25-cv-1015 (D.D.C.), on appeal No. 25-5144; *Abramowitz v. Lake*, 25-cv-887 (D.D.C.), on

appeal No. 25-5145; *Middle East Broadcasting Networks, Inc. v. Lake*, 25-cv-966 (D.D.C.), on appeal No. 25-5151; *Radio Free Asia v. Lake*, 25-cv-907 (D.D.C.), on appeal No. 25-5150. (The government moved to dismiss a fifth case in which the injunction related only to April funding. *RFE/RL, Inc. v. Lake*, 25-cv-799 (D.D.C.), on appeal No. 25-5158.)[1]

The government moved for a stay pending appeal of the first two components of the injunction. A motions panel granted the stay, but the en banc Court issued an administrative stay regarding the second part of the injunction (on grant funding). The en banc Court denied a petition for rehearing regarding the first part of the injunction (relating to employment).

2. Counsel for plaintiffs has proposed that this appeal be expedited. In particular, plaintiffs propose that Defendants-Appellants' opening brief would be due June 18; Plaintiffs-Appellees would respond by July 3; and

---

[1] Although the caption for the motion to expedite appeal includes both the *Widakuswara* and *Abramowitz* cases and case numbers, the motion appears to be brought by only the *Widakuswara* plaintiffs because it was filed only in the *Widakuswara* case and signed by counsel for the *Widakuswara* plaintiffs. But expediting that case would either have the effect of expediting the others or require the government to litigate these appeals in piecemeal fashion.

2

any reply would be due July 10. Although the government does not object to expedition, the government opposes this extreme expedition, which, if the government's motion to consolidate—which the *Widakuswara* plaintiffs do not oppose—is granted, would require the government to reply to multiple response briefs within a week. When plaintiffs proposed their schedule, the government countered with the following schedule:

- Wednesday, June 25: Defendants-Appellants' opening brief due
- Tuesday, July 15: Plaintiffs-Appellees' response due
- Thursday, July 31: Defendants-Appellants' reply due

Under the government's proposed schedule, briefing would be complete just a few weeks after plaintiffs' initial proposal and with plenty of time to allow this Court, if it elected to do so, to hear argument during September.

Plaintiffs have now suggested that the Court schedule an emergency, special hearing in July, and endeavor to resolve the appeal on the merits in that month. They provide no adequate basis for that extraordinary expedition. Plaintiffs' principal reason for moving so quickly is the possibility that the Agency may make employment-related decisions during the pendency of the appeal. But the Agency sought a stay pending

3

appeal precisely so that it could make employment-related decisions during the pendency of the appeal; plaintiffs' discontent with this Court's stay and the denial of en banc review of that stay cannot provide a basis for extraordinary expedition of the appeal.

As stated, the government is not opposed to reasonable expedition in this appeal. It merely requests a bit more time than plaintiffs' extraordinary expedition.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN

/s/ Daniel Tenny
DANIEL TENNY
ABIGAIL STOUT
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*
  *daniel.tenny@usdoj.gov*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit set out in the Court's order because it contains 658 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*/s/ Daniel Tenny*
Daniel Tenny
