**ORAL ARGUMENT NOT YET SCHEDULED**

**Nos. 25-5144, 25-5145, 25-5150, 25-5151**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

PATSY WIDAKUSWARA, ET AL.,
Plaintiffs-Appellees,

v.

KARI LAKE, IN HER OFFICIAL CAPACITY AS SENIOR ADVISOR TO THE
ACTING CEO OF THE U.S. AGENCY FOR GLOBAL MEDIA, ET AL.,
Defendants-Appellants,

---

MICHAEL ABRAMOWITZ, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
VOICE OF AMERICA, ET AL.,
Plaintiffs-Appellees,

v.

KARI LAKE, IN HER OFFICIAL CAPACITY AS SENIOR ADVISOR TO THE
ACTING CEO OF THE U.S. AGENCY FOR GLOBAL MEDIA, ET AL.,
Defendants-Appellants,

---

MIDDLE EAST BROADCASTING NETWORKS, INC.,
Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA, ET AL.,
Defendants-Appellants,

---

RADIO FREE ASIA,
Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA, ET AL.,
Defendants-Appellants,

---

On Appeals from the United States District Court for the District of Columbia
Nos. 25-cv-1015, 25-cv-887, 25-cv-966, 25-cv-907 (Hon. Royce C. Lamberth)

---

**JOINT MOTION TO ENTER PROPOSED
SCHEDULE AND FORMAT FOR EXPEDITED BRIEFING**

---

*Counsel for Plaintiffs-Appellees and Defendants-Appellants
listed on signature pages*

# JOINT MOTION

Plaintiffs-Appellees and Defendants-Appellants in the above-captioned cases jointly move this Court to enter the following proposed schedule and format for expedited briefing in the above-captioned cases:

- June 25: Appellants' Opening Brief (15,000 words)
- July 15: Appellees' Principal Briefs (two briefs, 7,500 words each)
- July 31: Appellants' Reply Brief (6,500 words)
- Oral Argument at the earliest practicable time

## I. Background

On March 14, 2025, the President issued Executive Order 14238, entitled "Continuing the Reduction of the Federal Bureaucracy." That order directed that "non-statutory components and functions" of several entities "shall be eliminated to the maximum extent consistent with applicable law," and that "such entities shall reduce the performance of their statutory functions and associated personnel to the minimum presence and function required by law." Executive Order 14238, § 2(a). One of the listed entities is the U.S. Agency for Global Media ("USAGM"). *Id.* § 2(a)(ii). Several lawsuits challenged actions taken by USAGM following the issuance of that Executive Order. Four such lawsuits are at issue in this motion: *Widakuswara v. Lake*, 1:25-cv-1015 (D.D.C.); *Abramowitz v. Lake*, No. 1:25-cv-887 (D.D.C.); *Middle East Broadcasting Networks v. United States*, 1:25-cv-966 (D.D.C.); and *Radio Free Asia v. United States*, 1:25-cv-907 (D.D.C.).

1

On April 22, 2025, the U.S. District Court for the District of Columbia entered a preliminary injunction in *Widakuswara*. That injunction has three provisions: First, it requires a set of federal defendants to "take all necessary steps to return USAGM employees and contractors to their status prior to the March 14, 2025 Executive Order 14238." No. 1:25-cv-1015, ECF No. 99, at 1. Second, it requires a set of federal defendants to restore USAGM's Fiscal Year 2025 grants with Radio Free Asia ("RFA") and the Middle East Broadcasting Networks ("MBN"). *Id.* at 1-2. Third, it requires a set of federal defendants to restore Voice of America ("VOA") programming "such that USAGM fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news,' 22 U.S.C. § 6202(c)." *Id.* at 2.

The district court then entered preliminary injunctions in the remaining cases. In *Abramowitz*, which raised claims relating to Voice of America, the court determined that the relief sought by the plaintiffs was encompassed in the first and third provisions of the *Widakuswara* order. *See* No. 1:25-cv-887, ECF No. 29, at 3. The court thus granted the preliminary injunction in *Abramowitz* for the reasons contained in the opinion accompanying the order in *Widakuswara*. *Id.* at 3-4. In *Radio Free Asia* and *Middle East Broadcasting Networks*, which raised claims relating to the termination of grant awards to RFA and MBN, the court entered

preliminary injunctions that provided the same directive as in the second provision of the *Widakuswara* order. *E.g.*, No. 1:25-cv-907, ECF No. 25, at 1-2.

The government appealed in all four cases and moved for stays pending appeal as to the first and second provisions of the *Widakuswara* order, as well as the like provisions in the orders entered in *Abramowitz*, *Radio Free Asia*, and *Middle East Broadcasting Networks*. A divided three-judge panel granted the government's motions for a stay pending appeal. The Appellees filed petitions for rehearing en banc of the stay order. This Court denied the petitions in *Widakuswara* and *Abramowitz*, but granted the petitions in *Radio Free Asia* and *Middle East Broadcasting Networks*.

The Court further entered orders regarding next steps on appeal. The Court directed that the cases "be scheduled for oral argument on the same day and before the same panel." *Widakuswara v. Lake*, 2025 WL 1521355, at *2 (D.C. Cir. May 28, 2025). And the Court ordered "that the parties submit within 7 days of [May 28, 2025] a proposed schedule and format for the briefing of the above-captioned cases on an expedited basis." *Id.* The Court "strongly urged" the parties to "submit a joint proposal" and "reminded" the parties "that the court looks with extreme disfavor on repetitious submissions." *Id.* The Court further directed the parties to "provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment." *Id.* This motion follows.

## II. Discussion

Consistent with this Court's order, the parties have met and conferred to discuss a joint proposal for the schedule and format of briefing of the above-captioned cases on an expedited basis. The parties jointly propose the following schedule and format:

- June 25: Appellants' Principal Brief (15,000 words)
- July 15: Appellees' Principal Briefs
    - Restoration of Employees and Contractors (7,500 words)
    - Restoration of RFA and MBN Grants (7,500 words)
- July 31: Appellants' Reply Brief (6,500 words)
- Oral Argument at the earliest practicable time

This schedule proposes that Appellees submit two answering briefs—one relating to the restoration of employees and contractors (*i.e.*, the *Abramowitz* order and the first provision of the *Widakuswara* order), and one relating to the restoration of RFA and MBN's grants (*i.e.*, the *Radio Free Asia* and *Middle East Broadcasting Networks* orders and the second provision of the *Widakuswara* order). This briefing format would avoid "repetitious briefing," consistent with this Court's order, because it divides briefing based on the issues rather than based on the parties. It would allow the Court to receive separate briefs on separate issues, rather than omnibus briefing on distinct issues in the same filing. It would also produce greater efficiency for the Appellees during the expedited briefing

4

schedule because it would allow the Appellees to focus exclusively on the briefing that pertains to them.

The proposed format for expedited briefing asks that the Court permit a modest expansion in the aggregate of the standard word allotment.  Specifically, the parties propose that each of the two Appellee briefs be limited to 7,500 words, for a total of 15,000 words—a slight increase above the 13,000-word limit ordinarily imposed for one principal brief.  *See* Fed. R. App. P. 32(a)(7).  The parties likewise propose that the government receive a matching total of 15,000 for its principal brief.  This modest expansion in the word limit is warranted not only to ensure that Appellees have sufficient space to address distinct issues of great importance, *see, e.g.*, *Widakuswara*, 2025 WL 1521355, at *1 ("The jurisdictional argument advanced by the government in Nos. 25-5150 and 25-5151 raises an important issue, as indicated by its recurrence in a number of recent cases."), but also to allow four distinct sets of Appellees to articulate, in their view, why they are experiencing irreparable harm.  The proposed word limit is substantially below the 52,000 words that four principal Appellee briefs might otherwise produce.

Finally, the proposed schedule and format asks this Court to set oral argument at the earliest practicable time.  Doing so would allow this Court to issue a prompt decision to avert any harm that any party is facing following the resolution of the government's motions for a stay pending appeal.

Appellees note that, in their view, certain events could occur that may warrant a request to expedite the briefing schedule or oral argument date, including over the summer. Appellees intend to confer with Appellants and then promptly inform the Court if, in their view, any such events occur.

**CONCLUSION**

The Court should enter the proposed schedule and format for expedited briefing in the above-captioned cases.

| Dated June 4, 2025 | Respectfully submitted, |
|---|---|
| DEPARTMENT OF JUSTICE | MUNGER, TOLLES & OLSON LLP |
| /s/ | /s/ |
| Daniel Tenny<br>Abigail Stout<br>Attorneys, Appellate Staff<br>Civil Division, Room 7215<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>(202) 514-1838<br>daniel.tenny@usdoj.gov<br><br>*Counsel for Defendants* | Donald B. Verrilli, Jr.<br>Ginger D. Anders<br>Jeremy S. Kreisberg<br>Helen E. White<br>Esthena L. Barlow<br>601 Massachusetts Ave. NW, Ste. 500E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verilli@mto.com<br>Ginger.Anders@mto.com<br>Jeremy.Kreisberg@mto.com<br>Helen.White@mto.com<br>Esthena.Barlow@mto.com |
| DEMOCRACY FORWARD FOUNDATION | Hailyn J. Chen<br>Adeel Mohammadi<br>350 S. Grand Ave., Fiftieth Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>Hailyn.Chen@mto.com<br>Adeel.Mohammadi@mto.com |
| /s/ | |
| Kristin Bateman*<br>Jennifer Fountain Connolly<br>Robin F. Thurston<br>Skye L. Perryman<br>P.O. Box 34553<br>Washington, DC 20043<br>(202) 448-9090<br>kbateman@democracyforward.org<br>jconnolly@democracyforward.org<br>rthurston@democracyforward.org<br>sperryman@democracyforward.org<br><br>*Counsel for Plaintiffs-Appellees American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); Middle* | Gabriel M. Bronshteyn<br>560 Mission St., Twenty-Seventh Floor<br>San Francisco, CA 94105<br>(415) 512-4000<br>Gabriel.Bronshteyn@mto.com<br><br>*Counsel for Plaintiffs-Appellees Middle East Broadcasting Networks, Inc. and Radio Free Asia* |

*East Broadcasting Networks, Inc.; the NewsGuild-CWA; and Radio Free Asia*

ZUCKERMAN SPAEDER LLP

_____/s/_____
William B. Schultz
Margaret M. Dotzel
Brian J. Beaton, Jr.
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
bbeaton@zuckerman.com

*Attorneys for Plaintiffs-Appellees Michael Abramowitz, Anthony LaBruto, and J. Doe 2*

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide
1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

8

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_____/s/_____
Teague Paterson
Matthew Blumin
Georgina Yeomans
1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff-Appellee American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*


STATE DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@statedemocracydefenders.org
Joshua@statedemocracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai
2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff-Appellee American Foreign Service Association (AFSA)*


AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi
80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff-Appellee American Federation of Government Employees, AFL-CIO (AFGE)*

9

| | |
|---|---|
| MEDIA FREEDOM & INFORMATION ACCESS CLINIC - YALE LAW SCHOOL[1] | *Admitted in California only; practicing under the supervision of District of Columbia Bar members |

_____/s/_____
David A. Schulz
127 Wall Street
New Haven, CT 06520
tobin.raju@YLSClinics.org
David.schulz@YLSClinics.org

*Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,194 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: June 4, 2025  /s/ *Daniel Tenny*
Daniel Tenny

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2025, a true and correct copy of this filing was filed with the Clerk for the United States Court of Appeals for the District of Columbia Circuit via the Court's electronic filing system, which will forward a copy to all counsel of record.

Dated:  June 4, 2025 /s/ *Daniel Tenny*
Daniel Tenny