**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001



Tel: (202) 305-1754

September 15, 2025

**By CM/ECF**

Clifton Cislak
Clerk of Court
United States Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

Re: *Widakuswara v. Lake*, No. 25-5144; *Abramowitz v. Lake*, No. 25-5145.

Dear Mr. Cislak:

We file this letter under Federal Rule of Appellate Procedure 28(j) to notify the Court of the decision in *National Treasury Employees Union ("NTEU") v. Vought*, No. 25-5091, 2025 WL 2371608 (D.C. Cir. Aug. 15, 2025). The *NTEU* plaintiffs sued "to stop what they describe[d] as a decision to 'shut down' the" Consumer Financial Protection Bureau based on the Bureau's decision to terminate employees, cancel contracts, decline additional funding, move to a smaller headquarters, and require advance approval for agency work. *Id.* at *1. This Court vacated the preliminary injunction, holding that (1) "the district court lacked jurisdiction to consider the claims predicated on loss of employment" and (2) the "plaintiffs' claims target neither final agency action reviewable under the Administrative Procedure Act [('APA')] nor unconstitutional action reviewable in equity." *Id.*

As to its first holding, this Court explained that the organizations' claims were precluded by the Civil Service Reform Act's ("CSRA") review scheme because (1) a finding of preclusion would not foreclose meaningful judicial review; (2) the employment claims were not wholly collateral to the CSRA scheme; and (3) the claims were not beyond the expertise of the

Merit Systems Protection Board and Federal Labor Relations Authority. *Id.* at *5-6. The same logic applies here and forecloses the claims related to employment brought by both employees and organizations.

As to its second holding, this Court explained that the Bureau's "putative shutdown decision"—which was not documented via regulation, order, email, or other written or oral statement—was not reviewable agency action under the APA because it was abstract, not final, and insufficiently discrete. *Id.* at *11-13. Similarly, the *Abramowitz* and *Widakuswara* plaintiffs sued to challenge what they describe as a policy to dismantle the U.S. Agency for Global Media and Voice of America ("VOA"). But like this Court held in *NTEU*, plaintiffs' "challenge is not viable" and "cannot be brought under the APA" because a purported policy to dismantle the Agency or VOA is not a discrete, final agency action. *Id.* at *7.

Sincerely,

*/s/ Abigail Stout*
Abigail Stout
U.S. Department of Justice
Civil Division, Counsel

cc: All counsel (via CM/ECF)

**CERTIFICATES OF COMPLIANCE AND SERVICE**

I certify that this letter contains 334 words according to the count of Microsoft Word, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Abigail Stout*
Abigail Stout