

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 305-1754

September 15, 2025

**By CM/ECF**

Clifton Cislak
Clerk of Court,
United States Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

    Re:   *Widakuswara v. Lake*, No. 25-5144; *Radio Free Asia v. United States*, No. 25-5151; *Middle East Broadcasting Networks v. United States*, No. 25-5150.

Dear Mr. Cislak:

Part of the injunction at issue here required the U.S. Agency for Global Media ("USAGM") to "restore the [fiscal year ('FY')] 2025 grants with USAGM Networks Radio Free Asia and Middle East Broadcasting Networks." *Widakuswara v. Lake*, 779 F. Supp. 3d 10, 40 (D.D.C. 2025). Although the motions panel stayed that portion of the injunction, the en banc Court subsequently vacated the stay, such that this portion of the injunction has remained in effect.

As of the date of this filing, USAGM has fully disbursed the FY 2025 funds for Radio Free Asia and Middle East Broadcasting Networks. Accordingly, USAGM has no further obligations under the district court's injunction and vacatur of the injunction would not provide USAGM relief. Because the grants portion of these appeals is moot, the government requests that this Court vacate the preliminary injunctions issued in *Radio Free Asia v. United States*, No. 25-5151; *Middle East Broadcasting Networks v. United States*, No. 25-5150; and prong two of the injunction issued in *Widakuswara v. Lake*, No. 25-5144, under *United States v. Munsingwear*, 340 U.S. 36 (1950). *See Christian Knights of Ku Klux Klan*

1

*Invisible Empire, Inc. v. D.C.*, 972 F.2d 365, 369 (D.C. Cir. 1992) ("An appeal from an order granting a preliminary injunction becomes moot when, because of the defendant's compliance or some other change in circumstances, nothing remains to be enjoined through a permanent injunction.").

The grants portion of the appeals became moot due to the Agency's compliance with the district court's injunction—not from the Agency's voluntary acts. Vacatur would be consistent with the Supreme Court's "lead in *Munsingwear,* which utilized vacatur to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Am. Fam. Life Assur. Co. of Columbus v. F.C.C.*, 129 F.3d 625, 631 (D.C. Cir. 1997) (citation and quotation omitted). And vacatur would be consistent with this Circuit's "general practice" of vacating a district court order when a pending appeal becomes moot. *Planned Parenthood of Wisconsin, Inc. v. Azar*, 942 F.3d 512, 519 (D.C. Cir. 2019); *see also United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001).

                                                Sincerely,

                                                */s/ Abigail Stout*
                                                Abigail Stout
                                                U.S. Department of Justice
                                                Civil Division, Counsel

cc:    All counsel (via CM/ECF)

# CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this letter contains 350 words according to the count of Microsoft Word, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

>*/s/ Abigail Stout*
>Abigail Stout