Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Government Accountability Project

American Federation of Government Employees, AFL-CIO

American Foreign Service Association

American Federation of State, County and Municipal Employees, AFL-CIO

Democracy Forward Foundation

State Democracy Defenders Fund

Media Freedom and Information Access Clinic at Yale Law School

September 18, 2025

**Via CM/ECF**

Clifton Cislak
Clerk of Court
United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re:    *Widakuswara, et al. v. Lake, et al.*, No. 25-5144

Dear Mr. Cislak:

Plaintiffs-Appellees in *Widakuswara v. Lake*, No. 25-5144, respond to Defendants-Appellants' letter regarding *National Treasury Employees Union v. Vought*, No. 25-5091, 2025 WL 2371608 (D.C. Cir. Aug. 15, 2025).

*NTEU* does not foreclose "claims related to employment" in this case for at least two reasons. Defs. Ltr. 1.

First, *NTEU* applied step two of *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994). *NTEU*, 2025 WL 2371608, at *5. It did not address the logically antecedent question whether step one of *Thunder Basin* no longer supports an inference of channeling given the removal without cause of the heads of the Merit Systems Protections Board, the Federal Labor Relations Authority, and the Special Counsel. Contrary to Defendants' assertion, Reply Br. at 20-21, and unlike in *NTEU*, Plaintiffs pursued this argument before the district court and before a motions panel of this Court. *See Widakuswara v. Lake*, No. 1:25-cv-1015-RCL, ECF No. 89 at 14-15; *id*. ECF No. 92 at 5; JA12 n.14 (district court expressly considering these papers in deciding preliminary injunction motion); Appellees' Opposition to Emergency Stay Motion, *Widakuswara*

*v. Lake*, No. 25-5144, Doc. 2113400, at 17-18. Counsel also discussed the argument at the preliminary injunction hearing. *See* Attachment at 18-19.

 Second, *NTEU* did not hold that non-employees were channeled to administrative review. *See* 2025 WL 2371608, at *6 (finding nonprofit organization had standing and assessing merits). Plaintiffs Reporters Sans Frontieres and The NewsGuild-CWA are not precluded from district court review.

 Nor does *NTEU*'s "second holding," Defs. Ltr. 2, foreclose Plaintiffs' APA claims. Unlike a "putative shutdown decision," Judge Lamberth held Plaintiffs properly challenged several "discrete, final agency actions" taken in service of a plan to implement Executive Order 14238, each of which had already directly harmed Plaintiffs. JA24-25; *see also* Appellees' Br. at 13-14 ("The policy *and the actions to which it was applied* are appropriately subject to review." (emphasis added)). Judge Lamberth also held Defendants violated 5 U.S.C. § 706(1) in "unlawfully withholding" "international broadcasting," including by VOA's "indefinit[e]" silence—the type of claim found missing in *NTEU*. JA31; 2025 WL 2371608, at *7.

        Respectfully submitted,

        /s/ *Georgina Yeomans*
        Georgina Yeomans

```
                                                                    1

 1                      UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA
 2

 3   MICHAEL ABRAMOWITZ, et al.,  )
                                  )
 4            Plaintiffs,         )
                                  )
 5       vs.                      ) CASE NO. 1:25-cv-00887-RCL
                                  )
 6   KARI LAKE, et al.,           )
                                  )
 7            Defendants.         )
                                  )
 8   _____)
                                  )
 9   PATSY WIDAKUSWARA, et al.,   )
                                  )
10            Plaintiffs,         )
                                  )
11       vs.                      ) CASE NO. 1:25-cv-01015-RCL
                                  )
12   KARI LAKE, et al.,           )
                                  )
13            Defendants.         )
     _____)
14

15                    TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE ROYCE C. LAMBERTH, DISTRICT JUDGE
16                      Thursday - April 17, 2025
                         11:28 a.m. - 3:07 p.m.
17                           Washington, DC

18   FOR THE PLAINTIFFS (1:25-cv-00887):
         Zuckerman Spaeder, LLP
19       BY:  MARGARET M. DOTZEL, WILLIAM BARNETT SCHULTZ and
              BRIAN BEATON
20       2100 L Street, NW, Suite 400
         Washington, DC 20037
21
     _____
22                         SONJA L. REEVES
                    Registered Diplomate Reporter
23                   Certified Realtime Reporter
                   Federal Official Court Reporter
24                   333 Constitution Avenue, NW
                         Washington, DC 20001
25        Transcript Produced from the Stenographic Record
```

```
 1  FOR THE PLAINTIFFS (1:25-cv-01015):
        Government Accountability Project
 2      BY:  DAVID Z. SEIDE
        1612 K Street, NW, Suite 1100
 3      Washington, DC 20006

 4      American Federation of State, County and Municipal Employees
        BY:  GEORGINA C. YEOMANS
 5      1625 L Street, NW
        Washington, DC 20036
 6
        Emery Celli Brinckerhoff Abady Ward & Maazel
 7      BY:  ANDREW CELLI and DEBRA GREENBERGER
        One Rockefeller Plaza, 8th Floor
 8      New York, New York 10020

 9      Norman Eisen PLLC
        BY:  NORMAN LARRY EISEN
10      2022 Columbia Road, NW, #214
        Washington, DC 20009
11
        Democracy Forward Foundation
12      BY:  KRISTIN LEE BATEMAN
        P.O. Box 34553
13      Washington, DC 20043

14  FOR THE DEFENDANTS:
        DOJ-USAO
15      BY:  BRENDA A. GONZALEZ HOROWITZ, ABIGAIL STOUT and
             STEPHANIE R. JOHNSON
16      601 D Street, NW
        Washington, DC 20530
17

18

19

20

21

22

23

24

25
```

```
 1  there is a fundamental upending about the assumptions of what
 2  it is to do this work, it is not a matter for agency
 3  adjudication.  And this, as we said in our brief, *Turner* to the
 4  max, because it's not only a fundamental upending, it is an
 5  ending of what it means to do this work, at least as it relates
 6  to Voice of America and the grantees.
 7            And then I would also like to point out that the
 8  government does not respond to an argument that we made in our
 9  opposition to their motion to dissolve the restraining order on
10  channeling.  So *Thunder Basin* is a doctrine about gleaning
11  implications from congressional intent from a statutory
12  structure.  All of the Supreme Court cases that find that
13  something is channeled to agency action are based on gleaning
14  Congress's intent from the Civil Service Reform Act or similar
15  statutes.
16            Part of that statute is that the MSPB and the OSC are
17  headed by individuals who are appointed and confirmed by the
18  Senate and who can be removed only for cause.  The president
19  has removed the heads of those agencies without cause, as the
20  government has admitted in those litigations.  And regardless
21  of whether or not it's constitutional or unconstitutional --
22  and *Humphrey's Executor* is still good law -- it still
23  undermines the statutory structure that Congress passed with
24  the assumption that these claims would be adjudicated by
25  independent decision-makers.  We don't have that anymore, and
```

1  so any inference that we could have drawn from the
2  comprehensive statutory scheme of the CSRA has been destroyed
3  and is no longer valid, even if it could plausibly apply to a
4  case where we're fighting for the existence of a statutorily
5  required agency, which I don't think it can.
6      I can address some of the claims on the merits, if
7  Your Honor would like to hear that, or if you have any more
8  questions about channeling, I'm happy to answer them as well.
9      THE COURT:  I don't think it's necessary.
10     MS. YEOMANS:  Okay.  In terms of our ultra vires case,
11 we say this in our brief, but I would like to reiterate that
12 this is a classic sort of *Youngstown* situation where the
13 executive is working in direct contravention of congressional
14 will, and the only way they can do so lawfully is if they have
15 a constitutional right to do so.  The government doesn't even
16 argue that they have a constitutional right to not perform
17 their statutory functions in this case.
18     The same is true of our mandamus case.  This is very
19 much like the *In Re Aiken County* case that then Judge Kavanaugh
20 decided and said the stakes are incredibly high when an
21 executive agency flat out refuses to perform its statutory
22 functions.
23     I also discussed why this is final agency action.  And
24 I already mentioned that the government didn't respond to Judge
25 Oetken's ruling that this was arbitrary and capricious action.

## CERTIFICATES OF COMPLIANCE AND SERVICE

This letter complies with the word limit in Federal Rule of Appellate Procedure 28(j) because it contains 345 words. I certify that on September 18, 2025, a true and correct copy of this filing was filed with the Clerk for the United States Court of Appeals for the District of Columbia Circuit via the Court's electronic filing system.

Dated: September 18, 2025

s/ *Georgina Yeomans*
Georgina Yeomans
