**ORAL ARGUMENT HELD SEPTEMBER 22, 2025**

**Nos. 25-5144, 25-5145**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

PATSY WIDAKUSWARA, ET AL.,
Plaintiffs-Appellees,
v.
KARI LAKE, IN HER OFFICIAL CAPACITY AS SENIOR ADVISOR TO THE ACTING CEO OF THE U.S. AGENCY FOR GLOBAL MEDIA, ET AL.,
Defendants-Appellants.

---

MICHAEL ABRAMOWITZ, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF VOICE OF AMERICA, ET AL.,
Plaintiffs-Appellees,
v.
KARI LAKE, IN HER OFFICIAL CAPACITY AS SENIOR ADVISOR TO THE ACTING CEO OF THE U.S. AGENCY FOR GLOBAL MEDIA, ET AL.,
Defendants-Appellants.

---

On Appeals from the United States District Court for the District of Columbia
Nos. 25-cv-1015, 25-cv-887 (Hon. Royce C. Lamberth)

---

# APPELLEES' REPLY IN SUPPORT OF SUGGESTION OF MOOTNESS

---

Counsel for Plaintiffs-Appellees in *Widakuswara* and *Abramowitz* are listed on signature pages

To resist the conclusion that these appeals of a no-longer-operative preliminary injunction are mooted by a superseding district court order, Defendants overcomplicate both the facts of these cases and the law of mootness. Because both continue to support Plaintiffs, the Court should hold that these appeals are moot.

Start with the on-the-ground reality here. On March 17, 2026, the district court entered an order (1) granting summary judgment on Plaintiffs' APA claims, the same claims on which it entered its preliminary injunction; and (2) vacating and setting aside the decision and related actions that it had previously preliminarily enjoined. No. 25-5145, Document #2164624 at 1. Defendants deny neither of these aspects of the order. Relevant here[1], the preliminary injunction required Defendants to

> take all necessary steps to return USAGM employees and contractors to their status prior to the March 14, 2025 Executive Order … including by restoring all USAGM employees and personal service contractors, who were placed on leave or terminated, to their status prior to March 14, 2025, [and] … restore VOA programming such that USAGM fulfills its statutory mandate that VOA "serve as a consistently reliable and authoritative source of news."

*Widakuswara v. Lake*, 779 F. Supp. 3d 10, 39-40 (D.D.C. 2025). The March 17, 2026 order likewise ordered

> that all actions taken pursuant to defendants' decision to reduce VOA to the "statutory minimum" … are VACATED and SET ASIDE, including the March 18

[1] Defendants did not appeal a separate prong of the preliminary injunction which is likewise subsumed by the March 17, 2026 order.

> Statutory Minimum Memorandum, the March 15 placement of 1,042 employees on administrative leave, the suspension of broadcasting operations, and the termination of non-contractor staff, and that no later than March 23, 2026, all employees placed on administrative leave pursuant to defendants' March 2025 directive shall return to work.

25-cv-887, ECF 133 at 1-2. As is evident from a basic comparison of the two orders, the March 17, 2026 order fully overlaps with and therefore supersedes the preliminary-injunction order in terms of relief and scope—indeed, Defendants do not suggest that anything remains operative of the preliminary injunction in light of the new order.

As is true of all preliminary injunctions, the preliminary injunction here was "a stopgap measure meant only to preserve the relative positions of the parties" while the adjudication of the same claims on which it was based proceeded to their final resolution. *Singh v. Berger*, 56 F.4th 88, 95 (D.C. Cir. 2022) (internal quotation marks omitted). Now that the district court has issued its final resolution of those same claims and granted Plaintiffs the relief they requested based on those claims, it has been fully superseded by the March 17, 2026 order. No. 25-5145, Document #2164624 at 3.

That renders the preliminary-injunction appeal moot. "The parties no longer have a legally cognizable interest in the determination of whether the preliminary injunction" was properly entered. *Animal Legal Def. Fund v. Shalala*, 53 F.3d 363,

366 (D.C. Cir. 1995). Rather, they have an interest in whether the later order granting relief on the same claims and determining Defendants' liability is proper. *Cf. We the Patriots, Inc. v. Grisham*, 119 F.4th 1253, 1258-59 (10th Cir. 2024) (where preliminary injunction in separate case granted plaintiffs "the relief sought" in original preliminary-injunction motion, "any relief granted by this court would not have any real-world effect" and thus appeal was moot).

The March 17, 2026 order, as modified, is the operative order with respect to Defendants' ongoing obligations, as the district court recognized in deeming moot any remaining motion practice related to the preliminary injunction.[2] In fact, Defendants do not so much as suggest that they remain constrained by the preliminary injunction. As such, this circumstance is no different than the ordinary case where a preliminary injunction merges with a final judgment, as the district court's superseding order has "establishe[d] that the defendant[s] *should not have been engaging in the conduct that was enjoined*." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 315 (1999).

---

[2] Defendants appear perplexed by the district court's decision to rule that motion practice premised on the now-superseded preliminary injunction is moot. Defs.' Response at 2. And they fault the district court for not "vacat[ing] its prior [preliminary injunction] order." *Id.* But the district court did not need to expressly dissolve the preliminary injunction because it is superseded; it is also not clear that it would have been appropriate for the district court to purport to do so in light of the pending appeal of the preliminary injunction, *see Decatur Liquors, Inc. v. D.C.*, No. CIV.A. 04-1971(RMC), 2005 WL 607881, at *3 (D.D.C. Mar. 16, 2005).

Left with no response to the plain reality that the preliminary injunction has been superseded in full by a later order of the district court granting relief on the same claims, Defendants resort to misunderstanding the law of mootness.[3] Yes, a final judgment as to an entire case renders moot a pending appeal of a preliminary injunction. But such a final judgment resolving the entire case, instead of just the claims implicated in the preliminary injunction, *is not required* for a finding of mootness, as Defendants argue in response to Plaintiffs' suggestion of mootness. Any number of intervening events can render moot an appeal of a preliminary injunction where either the preliminary injunction or an appellate court ruling on the same has or would have no real-world effect, entry of final judgment notwithstanding. *See, e.g.*, *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) (appeal of preliminary injunction moot where preliminary injunction expired under prison-specific statutory time limits); *People for the Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416, 421 (D.C. Cir. 2005) (appeal of preliminary injunction moot where at-issue exhibit had already closed); *Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia*, 972 F.2d 365, 369 (D.C. Cir. 1992) (appeal of preliminarily injunction moot where "[n]othing a court could do today

[3] Defendants claim that there is something inherently unfair about an appeal of a preliminary injunction becoming moot by superseding events, like the March 17, 2026 order. Defs.' Resp. at 4-5. Yet, that is a *routine* occurrence, as the various cases cited by the parties demonstrate, and it is no answer to the lack of an Article III controversy associated with the preliminary injunction.

would change what occurred" and plaintiff "received the full measure of relief it sought through its complaint"); *Animal Legal Def. Fund*, 53 F.3d at 365-66 (appeal of preliminary injunction moot where motion for preliminary relief was concerned with entry to meetings that "have concluded, so an injunction could not afford the relief that was sought").

What matters is not whether a final judgment exists, which *could* moot a preliminary-injunction appeal. Rather, it is whether the preliminary injunction or an appellate ruling related to the same has or would have any effect. Where the answer to that question is no, as in the cases where a later regulation subsumes the preliminary injunction, *Wyoming v. U.S. Dep't of Interior*, 587 F.3d 1245, 1252-53 (10th Cir. 2009), or the plaintiff gets the relief it previously sought through the preliminary injunction, *People for the Ethical Treatment of Animals*, 396 F.3d at 421, or a separate order results in the same, *We the Patriots*, 119 F.4th at 1258-59, the preliminary-injunction appeal is moot.

That is the case here. The March 17, 2026 order gave Plaintiffs the relief they requested on the same claims at issue in the preliminary-injunction appeal. The preliminary injunction has no ongoing effect. Neither would this Court's consideration of it. Accordingly, these appeals are moot.

Likewise, the fact that other claims remain in these cases does not alter this calculus. Those claims *are not* the claims on which the district court based its

preliminary injunction. The district court ruled that Plaintiffs showed a likelihood of success on the merits of their APA claims without addressing any other claims. *Widakuswara*, 779 F. Supp. 3d at 32. Those are the same claims the court resolved through its March 17, 2026 summary judgment opinion and order. *Abramowitz v. Lake*, No. 1:25-CV-1015-RCL, --- F.Supp.3d ----, 2026 WL 746989, at *11 (D.D.C. Mar. 17, 2026). Defendants thus ask for this Court to consider a *preliminary* merits ruling on certain claims while simultaneously considering the *ultimate* merits ruling on the same claims. That is exactly what well-established mootness law in this context seeks to avoid.

Defendants in effect are requesting that this Court render an advisory opinion concerning a preliminary injunction no longer in effect and fully subsumed by a later order. That, of course, cannot be squared with Article III. *See, e.g., Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (preliminary injunction appeal moot when "a reversal of" the decision on "preliminary injunctive relief would have no practical consequences" given the superseding and "ultimate determination on the merits"); *Su v. Ascent Constr., Inc.*, 104 F.4th 1240, 1245 (10th Cir. 2024) (appeal of preliminary injunction mooted "because the aim of the underlying litigation … aligns with the effect of both the preliminary and permanent injunctions"). "[R]uling on the validity of the *now-supplanted and ineffective district court order*" would be a "textbook example of advising what the law would be upon

a hypothetical state of facts." *Wyoming*, 587 F.3d at 1252-53 (emphasis added) (where new regulation governed issue on which preliminary injunction was granted, any appellate ruling on preliminary injunction "would have no effect in the world we now inhabit but would serve only to satisfy the curiosity of the litigants about a world that once was and is no more").

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss these appeals as moot.

Dated: April 24, 2026

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

/s/

William B. Schultz
Jacobus P. van der Ven
Brian J. Beaton, Jr.
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
wschultz@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for Plaintiffs-Appellees Michael Abramowitz, Anthony LaBruto, and J Doe 2*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

/s/

Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

/s/

Teague Paterson
Matthew Blumin
Georgina Yeomans
1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff-Appellee American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

/s/
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs-Appellees American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA);the NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

/s/
David Z. Seide
1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

AMERICAN FOREIGN SERVICE ASSOCIATION

/s/
Sharon Papp
Raeka Safai
2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff-Appellee American Foreign Service Association (AFSA)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

/s/
Rushab Sanghvi
80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff-Appellee American Federation of Government Employees, AFL-CIO (AFGE)*

STATE DEMOCRACY DEFENDERS FUND

/s/

Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@statedemocracydefenders.org
Joshua@statedemocracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC - YALE LAW SCHOOL**

/s/

David A. Schulz
127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs-Appellees Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

** The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,624 words. This motion complies with typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: April 24, 2026

*/s/ William B. Schultz*
William B. Schultz

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2026, a true and correct copy of this filing was filed with the Clerk for the United States Court of Appeals for the District of Columbia Circuit via the Court's electronic filing system, which will forward a copy to all counsel of record.

Dated: April 24, 2026

*/s/ William B. Schultz*
William B. Schultz